FILED
CLERK, U.S. DISTRICT COURT

AUG 30 2023

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BARBARA JIMENEZ,<br><br>Defendant. | Case No. CR 22-606-SB<br><br>ORDER OF DETENTION<br><br>[18 U.S.C. § 3148(b), 3143(a)] |

## I.

On August 30, 2023, Defendant appeared in this district on the Petition for Violation of Pretrial Release Conditions and arrest warrant issued on May 24, 2023. Defendant was represented by Michael Chernis, a member of the indigent defense panel who was previously appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Declan Conroy. Defendant submitted on the recommendation by Pretrial Services that Defendant be detained.

The Court has reviewed the files and records in this matter, including the Petition for violations of conditions of pretrial release, dated May 24, 2023, the recommendation by Pretrial Services, that Defendant be detained based on the Report dated August 30, 2023, and the Report prepared by Pretrial Services at the time of Defendant's initial appearance on March 14, 2023.

The Court finds, pursuant to 18 U.S.C. § 3148(b), as follows:

1. Based on the factors set forth in 18 U.S.C. § 3142(g), there is no longer any condition or combination of conditions of release that will assure that he defendant will not flee or pose a danger to the community or to others if allowed to remain on bail pending future court proceedings.

2. The Court has taken into account the allegations of defendant's noncompliance with the conditions of pretrial release, as alleged in the petition, which include her use of methamphetamine, failure to report for drug testing and for residential treatment as ordered, leaving a treatment facility without permission and tampering with and removing her location monitoring device.

Thus, the Court finds that there is <u>now</u> a change in circumstances which justifies reconsideration of the decision to allow Defendant to remain on release. The Court finds that, under the current circumstances, clear and convincing evidence does not exist to show that the defendant is not likely to flee or pose a danger to the community or to others if allowed to remain on bail.

IT IS THEREFORE ORDERED that defendant is remanded to the custody of the United States Marshal pending further proceedings in this matter.

Dated: August 30, 2023

                                               /s/
                                      ALKA SAGAR
                        UNITED STATES MAGISTRATE JUDGE